UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTINE TODD,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER BANK,. N.A.<br><br>Defendant. | CASE NUMBER: 4:26-cv-9734<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFF'S ORIGINAL COMPLAINT

.

## PRELIMINARY STATEMENT

1. Plaintiff Kristine Todd ("Plaintiff"), by and through undersigned counsel, files this Original Complaint against Defendant Discover Bank, NA ("Discover" or "Defendant"), and alleges, upon personal knowledge as to her own acts and upon information and belief as to all other matters, as follows:

2. This is a consumer-protection action arising from Defendant's attempt to collect a purported debt that Plaintiff does not owe. There is no complicated legal or statutory reasoning for Plaintiff not owing the debts that Discover Bank NA keeps trying to collect from her. Rather, it is a simple fact that Plaintiff is an identity theft victim and there are two Discover accounts that have been opened by an identity thief – a credit card that was charged off and has over $6000 owing and a personal loan that was also not paid and had over $10,o00 charged off.

3. Defendant continually reports these false debts in an effort to have Plaintiff pay them despite Plaintiff repeatedly telling both the credit reporting agencies and Defendant that this debt was not hers.

4. Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u

(hereinafter "FCRA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 et seq. ("TDCA"). This complaint is brought in connection with a defaulted debt that does not belong to Plaintiff. Plaintiff seeks actual damages, statutory and punitive damages, and to the extent possible, injunctive and declaratory relief.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 11681p, 1692k(d) and 28 U.S.C. § 2201 and supplemental jurisdiction over Plaintiff's TDCA claim pursuant to 28 U.S.C. § 1367(a) because that claim forms part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas and directed the collection communication at issue to Plaintiff in Texas. Defendant was reaching out to attempt to collect against Plaintiff where she lives in Fort Bend County, Texas, which is in this district.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 124(b)(2) and 1391(b) because Plaintiff resides in Fort Bend County, Texas, and a substantial part of the events giving rise to Plaintiff's claims, including her receipt of Defendant's collection communication, occurred in this District and Division.

## PARTIES

8. Plaintiff is a natural person residing at 4107 Townsville Circle, Missouri City, Fort Bend County, Texas 77459. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1). The obligation Defendant sought to collect is an alleged "debt" within the meaning of 15 U.S.C. § 1692a(5) and an alleged "consumer debt" within the meaning of Tex. Fin. Code § 392.001(2).

9. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

10. Defendant Discover Bank was, at all times relevant to this complaint, a nationally chartered bank doing business in the State of Texas, with its principle place of business located in Riverwoods, Illinois. Defendant is a "person" as defined by 47 U.S.C. § 153(39). Defendant may be served by service on its agent CT Corporation System at 1999 Bryan Street, Suite 900 in Dallas, Texas 75201.

11. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff owes no debt to Discover Bank N.A. She did not have any outstanding Discovery loans, and she had no loans from Discover that were only made online. She is clear that she never initiated any kind of closed or open ended credit with Discover Bank on or about January 23, 2018, which is when the account allegedly with the account number 601120XXXXXX was opened. In this lawsuit, this Discover debt alleged to belong to Plaintiff will be referred to as the “Discover debt”. In addition, the personal loan from Discover Bank that was taken out by the Identity thief will be referred to as the “Discover personal loan”.

13. Ms. Todd did not have a Discover card that had a credit limit of $7,000 that she stopped making payments on or around June 2020 so that it was charged off on or about January 2021 with an amount owing at that time of $7,254.00. This is not a loan for which Ms. Kristine Todd is responsible in any way.

14. Plaintiff had been struggling with identity theft for many years. She first made a police report on or around July 23, 2015 under her married name, Kristine Anne Castillo. At that time, she made a report to the Harris County Sheriff’s office that an unknown person had used her social security number, as that is what she knew of the issue. Plaintiff had received a letter from the Social Security Administration advising her of a possible issue and so she had worked with the SSA to learn more about the problem. Unfortunately, while she learned that this other person had impersonated her and as a result, a portion of her tax refund had gone to repay someone else’s federal debt, Plaintiff and the sheriff were not able to learn more about the individual who stole and used her identity at that time.

15. Discover Bank reported the disputed “Discover debt” to the major credit reporting agencies – Experian, Equifax and TransUnion.

16. Plaintiff repeatedly disputed the Discover debt with Experian, Equifax and TransUnion.

17. Experian, Equifax and TransUnion have conducted their reinvestigations and asked Discover Bank if the information being reported – that Plaintiff was liable on the Discover debt – was

true and accurate. Defendant repeatedly verified the Discover Debt to the credit reporting agencies, causing it to be reported on Plaintiff's credit reports.

18. This charged-off debt – the Discover debt – was one of the worst debts on Plaintiffs credit report and it brought down her credit score and her credit worthiness. When anyone with a permissible purpose requests to see Plaintiff's credit report so that they can evaluate her, the Discover debt is there, bringing down her credit score and making her seem more irresponsible and reckless the money than she is. Despite Plaintiff repeatedly explaining this was not her debt and that it was identity theft, Discover met every request for more information with the same response – Plaintiff owes this debt. However, that was untrue. Plaintiff did not take out this debt and does not owe the money.

19. Discover Bank has repeatedly attempted to collect an unauthorized amount from Plaintiff for a loan that she did not take out. This continuous false reporting and erroneous information regarding the Plaintiff occurs because Discover Bank has validated the false Discover Debt to the credit reporting agencies.

20. This is an attempt to collect money that is not owed, and this false and deceptive actions in the service of collecting of an alleged consumer debt is a violation of the Texas Debt Collection Act.

21. In addition, this reporting of this false Discover Debt to the credit reporting agencies and the repeated validation of this debt is a violation of the Fair Credit Reporting Act by Defendant.

22. As a result of Defendant's conduct, Plaintiff has suffered injury to her credit worthiness, credit denial, increased interest rates for loans, mental anguish, frustration and extreme emotional distress. Plaintiff worked hard on her credit and continually reviewed her credit reports so that she could alert the credit reporting agencies if a debt that was not hers appeared on the credit report.

23. Plaintiff's injury was magnified by the fact that she is a professional and used to maintaining control in her life and in doing well, not in just letting loans go to be charged off.

24. Plaintiff brought information to Discover on or around June-July 2022. She requested an investigation and that a second false debt – a personal loan – be taken off her credit reports as she did not owe it. Plaintiff provided an affidavit explaining that this was from identity theft and she provided that to Discover. Plaintiff reported that this debt was not hers and that it was the identity thief. Unfortunately, Discover did not change its repeated attempts

to collect this false debt, the Discover personal loan, along with the Discover debt, from Plaintiff.

25. In or around January 11, 2023, Plaintiff reported the identity theft to the FTC.

26. Plaintiff made a police report about the identity theft to Fort Bend Sheriff's Office on or around March 31, 2023. She reported that the ID theft was "still affecting me financially, medically, and online."

27. After viewing her Experian report in June of 2023, Wayfair Mastercard and Wayfair credit card both rejected Plaintiff's application for credit, stating that it was as a result of "time in months since most recent delinquency", among other reasons. The Discover debts were hurting Plaintiff.

28. Additionally, in June 2023 Citibank rejected Plaintiff's credit application after seeing the Discover debt and Discover Personal loan on Plaintiff's credit report. Again, the reasons provided were the time in months since most recent delinquency and use of credit on all accounts.

29. After viewing her Equifax credit report, Macy's denied Plaintiff a card on or around September 2024, stating as the first reason "Serious delinquency" and also the proportion of loan balances to loan amounts was too high. The Discover debt and Discover personal debt were at their maximum amount so they skewed the loan balance to loan amounts and added to the false perception that Plaintiff was a bad credit risk. Plaintiff also requested a credit limit increase on her current Macy's Credit Card and was denied for the same reasons – serious delinquency and proportion of loan balances to loan amounts was too high. This is a direct damage done to Plaintiff by Discover Bank continually reporting the false information that she had two delinquent accounts. This was despite the fact that Plaintiff had repeatedly told Discover that the accounts were from an identity thief.

30. In January of 2025, Plaintiff's Experian credit report as well as TransUnion and Equifax all listed the Discover loan as being opened in January 2019, having an amount owed of $6,471. Plaintiff had been disputing this debt with the credit reporting agencies before this date, and the "comments" section on this report stated "Account previously in dispute – investigation complete, reported by date furnisher."

31. When Plaintiff would make a dispute about the Discover debt, she would transmit information explaining this was not her debt to the credit reporting agency. The individual credit reporting

agencies would then reach out to Discover and inquire of them, "Is the information regarding this Discover debt true and correct." Unfortunately, despite Plaintiff's explanations, which were usually also passed along to Discover Bank, Discover Bank would report back to the credit reporting agencies that this was accurate, that Plaintiff did owe the money on this charged off Discover Debt.

32. Plaintiff again disputed the Discover debt to the credit reporting agencies. When the credit reporting agencies inquired of Discover about the truthfulness and accuracy of the debt reporting of the Discover debt, Discover Bank repeated that this was a loan owed by Plaintiff. This was then and remains untrue. The Discover debt is a debt taken out by a thief who used Plaintiff's identity to take funds from Discover and not pay them back. Plaintiff does not owe the Discover debt.

33. In or around February 2025, Plaintiff again was denied credit, this time by Capital One when she requested a credit line increase. This was in part because Plaintiff had frozen her Equifax account so that no one could access her information as Discover was still reporting to Equifax that Plaintiff owed two loans and was in default on those loans to Discover.

34. Discover also had verified the Discover debt and a second Discover debt – the Discover personal loan-- to Equifax so that Plaintiff's March 27, 2025 Equifax consumer credit report included the false information that she was liable on the Discover debt and Discover personal loan. Again, because Discover validated this false information to Equifax, Equifax provided possible future lenders and insurers as well as current lenders and insurers with the false information that Plaintiff owed $10,968 on a Discover personal loan and $6471 on the Discover debt.

35. Companies that saw the false information regarding the Discover debt and Discover personal debt from Plaintiff's Equifax file included Bristol West Insurance Company, various utilities, Farmers Insurance Group, Macys, The Home Deport card by Citibank N.A., and Capital One.

36. Because Defendant verified the false information regarding Plaintiff and Discover debt, Plaintiff's credit reports on October 4, 2025 still carried the false report that she owed over six thousand dollars on a Discover debt that she simply stopped paying in May or June or 2020.

37. Defendant additionally reported to the credit reporting agencies that Plaintiff had taken out a personal loan on or around August 3, 2018 and allegedly stopped making payments before it was paid in full, with her last alleged last on October 1, 2019. This account was listed on the

October 4, 2025 TransUnion consumer credit report as being 90+ days late a whopping 53 times!

38. Plaintiff's damages included that multiple lenders and insurance companies viewed her credit reports over the time period that Discover was attempting to collect on the Discover debt and Discover personal loan debt including but not limited to USAA Federal Savings Bank who viewed Plaintiff's TransUnion report on May 30, 2024 and April 1, 2025 and Waymc/CBNA bank that viewed her report on March 4, 2024 and September 1, 2024.

39. Additionally, some companies viewed Plaintiff's credit report in order to make a promotional offer while others were current lenders reviewing her accounts. She was damaged when these current lenders and lenders making inquiries saw and believed the Discover Debt and Discover personal loan were hers when in actuality, they were from identity theft and she did not owe on either one. These companies included American Express, Capital One, Citi Commerce Solutions, and again USAA Federal Savings bank.

40. Plaintiff did not take out a personal loan in or around 2018 from Discover. The Discover personal loan debt was also a result of identity theft. However, no matter how many times Plaintiff informed Discover directly or indirectly about the fact that this was not her debt, Discover continued to try and collect the alleged $10,968.00 by falsely reporting that the debt was correct when in reality, Plaintiff was not liable for this debt either.

41. Plaintiff again provided the credit reporting agencies with information and documents that supported what she was letting everyone know – that she was not liable on the Discover Debt and the Discover personal loan as she had not taken out these loans – they were from an identity thief.

42. Again the credit reporting agencies, on information and belief, followed their procedures and provided the dispute and evidence to Discover. Again, Discover verified that Plaintiff owed the Discover debt and Discover personal loan. Discover did not properly review the information provided or it chose to ignore the information as it had hopes that Plaintiff would agree to pay the full amount to get this wrong, but harmful, reporting off her credit reports.

43. Unfortunately, a January 30, 2026 TransUnion consumer credit report acquired by Plaintiff still showed that she owed $6,471 on the Discover debt and that the condition of the account was "Derogatory" and this account was "charged off as bad debt" but "Dispute resolved; reported by grantor." Discover not only put false information about debt she did not owe

onto her credit, but they also falsely stated that any dispute about the identity theft debt wa resolved!

44. A January 30, 2026 Experian report also provided potential and current creditors of Ms. Todd with the false information about the Discover debt. Discover was reporting that the account was charged off since January 2021 and it was owed by Plaintiff. However, it was opened by the identity theft and Plaintiff had no liability on this loan. Again, USAA and CBNA both requested and observed the false information that Discover provided to Experian.

45. On February 14, 2026, Plaintiff send a dispute letter to the credit reporting agencies, listing the Discover debt as one that she was disputing as well as the Discover Personal Loan. She clearly said each loan was "not mine" and requested removal. This information would have been provided by the credit reporting agencies to Discover. Unfortunately but unsurprising, Discover again failed to stop reporting this false information. Plaintiff included a copy of both police reports about the identity theft as well as a copy of her driver's license showing her name and birthdate. She explained clearly that she was a victim of identity theft and that while some corrections had been made, Discover was continuing to collect – including by credit reporting – this false information.

46. Discover remains on Plaintiff's credit reports and continues to cause damage to this day both by creating a huge burden and emotional stress on Plaintiff as well as decreasing her apparent credit worthiness, violating her privacy and taking an inordinate amount of Plaintiff's valuable time.

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681S-2(B)**

AGAINST DEFENDANT DISCOVER BANK N.A.

47. Plaintiff repeats and realleges each of the foregoing allegations as if fully restated herein.

48. After receiving Plaintiff's repeated disputes regarding the Discover debt, Defendant Discover Bank N.A. failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

49. Discover violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to

the credit reporting agencies, and by failing to permanently and lawfully correct its own internal records to prevent the collection of the Discover debt from Plaintiff and to prevent the re-reporting to the credit reporting agencies of the Discover debt as though it were owed by Plaintiff.

50. As a direct and proximate result of this conduct, action and inaction of Discover, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, severe emotional distress and interference with Plaintiff's normal and usual activities. Her actual damages include confusion, and intrusion upon her privacy, and time and effort expended in addressing a debt that is not hers. For all these damages, Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Discover's repeated stubborn refusal to conduct a reasonable reinvestigation and its continual reporting of the Discover debt as being owed by Plaintiff are willful actions, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

52. In the alternative, Discover was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Discover pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

54. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant violated 15 U.S.C. § 1692e, including §§ 1692e(2)(A) and 1692e(10), by falsely representing the character, amount, and legal status of a debt that Plaintiff does not owe, by falsely representing that Plaintiff could "save" $110.05 on a nonexistent balance, and by using false representations and deceptive means in an attempt to collect that debt.

56. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged above.

## COUNT II

## VIOLATION OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE §§ 392.304(a)(8) AND 392.304(a)(19)

AGAINST DEFENDANT DISCOVER BANK, N.A.

57. Plaintiff repeats and realleges each of the foregoing allegations as if fully restated herein.

58. Discover Bank, N.A. is a first-party debt collector under the Texas Debt Collector Act as they were attempting to collect the alleged debt from Ms. Todd and the alleged debt was owed to them directly, not to someone else.

59. Section 392.304(a)(8) of the Texas Finance Code prohibits a debt collector from misrepresenting the character, extent, or amount of a consumer debt. Defendant violated this provision by representing that Plaintiff owed a $6471 balance, when Plaintiff owes no such debt as this debt was procured by an unknown identity theft and not be Plaintiff.

60. Section 392.304(a)(19) prohibits a debt collector from using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Defendant violated this provision by the same conduct.

61. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages as alleged above, and is entitled to recover under Tex. Fin. Code § 392.403.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

a. Awarding Plaintiff her actual damages under 15 U.S.C. § 1692n(a)(1)(A) and Tex. Fin. Code § 392.403(a)(2);
b. Awarding statutory damages under 15 U.S.C. § 1692n(a)(2) in the maximum amount permitted by law for Defendant's willful violations;
c. Granting injunctive relief under Tex. Fin. Code § 392.403(a)(1) restraining Defendant from further attempts to collect the purported Discover debt account from Plaintiff;
d. Awarding Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);
e. Awarding pre-judgment and post-judgment interest as permitted by law; and
f. Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted,

**Amy Beth Clark**
Attorney-in-Charge
State Bar No. 24043761
amy@cimentlawfirm.com
221 Bella Katy Drive
Katy, Texas 77494
Telephone: (210) 294-9273
eService: cpfiling@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF